UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,
        Plaintiff

v.                                  NO. _____

$53,526.58 IN UNITED
STATES CURRENCY, SEIZED
FROM BANK OF AMERICA
ACCOUNT NO. 8982331695,
        Defendant

## **ASSENTED-TO COMPLAINT FOR FORFEITURE *IN REM***

      The United States of America, with the assent of Diego Arnal ("Arnal" or "Claimant"), by their undersigned attorneys, in a civil action of forfeiture pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and Title 18, United States Code, Sections 981(a)(1)(A) and 984, states as follows:

      1.    This Court has subject matter and *in rem* jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355. Venue is appropriate in this district pursuant to 28 U.S.C. § 1395. The Parties in their Settlement Agreement have assented to have a United States Magistrate Judge conduct all proceedings in this assented-to civil forfeiture case pursuant to 28 U.S.C. § 636(c), and the applicable Local Rules and Standing Orders of this Court.

      2.    The Defendant Property consists of the agreed amount of $53,526.58, together with any interest or other return actually earned on that $53,526.58 portion of certain United States currency, duly seized from a bank account at the Bank of America

in Miami, Florida, pursuant to a warrant issued in this district and executed at Bank of America on March 25, 2009, that is, $99,862.70 (the "Seized Funds") seized from Bank of America account number 8982331695, in the name of Rosemont Finance Corporation Operations Account (the "Subject Account").

3. Based on the uncontested facts set forth below, the United States and Diego Arnal agree that the Defendant Property is forfeitable to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 984 because it constitutes property involved in transactions or attempted transactions in violation of 18 U.S.C. § 1960, property traceable to such property, or fungible property that was found in the same account as the property involved in such transactions that had occurred within one year before the date of seizure.

4. Without admitting any personal involvement in, contemporaneous awareness of, or liability for, any violations of law arising from or relating to the following facts, and for purposes of his Settlement Agreement with the United States and this Assented-To Complaint, which is an integral part of the Settlement, only, Claimant Diego Arnal does not contest that the following facts are true:

A. Rosemont Finance Corporation ("RFC") was incorporated in Florida on or about October 24, 2005, and at all pertinent times, was on record with the state of Florida as

2

existing and maintaining an office in Florida.

B.   On or about November 13, 2006, RFC opened the Subject Account.

C.   RFC used the Subject Account in the business of receiving wire transmissions of funds on behalf of persons other than RFC from other accounts and locations inside and outside the United States, and transmitting funds by wire on behalf of persons other than RFC to other accounts and locations inside and outside the United States.

D.   The total amount of the funds involved in the wire transmissions so received and so transmitted through the Subject Account within the year prior to March 25, 2009, was at least $53,526.58.

E.   Although the Claimant maintains that he was led to believe that RFC's money transmitting business was, for at least a portion of this time, duly licensed by the state of Florida and duly registered with the Financial Crimes Enforcement Network of the U.S. Department of the Treasury ("FinCEN"), no such Florida license was ever issued to RFC, and RFC was never registered as a money transmitting business with FinCEN.

F.   On March 25, 2009, the United States executed a seizure warrant issued by a United States Magistrate Judge of this District at a branch of Bank of America in Miami, Florida,

authorizing seizure of all funds on deposit in the Subject Account.

G. Pursuant to that seizure warrant, the Bank of America subsequently paid over to the United States the Seized Funds in the amount of $99,862.70 from the Subject Account. The Seized Funds were turned over to the United States Marshals Service ("USMS"), are being held by USMS in its Seized Asset Deposit Fund, and are subject to the jurisdiction and orders of this Court.

5. Claimant asserts that he is the beneficial owner of the funds seized from the Subject Account.

6. By virtue of the uncontested facts set forth herein, the United States and Diego Arnal agree that the Defendant Property is subject to forfeiture to the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 984 as property involved in transactions or attempted transactions in violation of 18 U.S.C. § 1960, property traceable to such property, or fungible property that was found in the same account as the property involved in such transactions that had occurred within one year before the date of seizure.

7. The United States and Diego Arnal have agreed to waive any rights that they might otherwise have had to demand or receive discovery from each other under the Federal Rules of Civil Procedure, and jointly request that judgment of forfeiture

be entered.

WHEREFORE, the United States of America prays, with the assent of Diego Arnal:

1. That a Warrant and Monition, in the form submitted herewith, be issued to the United States Marshal for the District of Massachusetts commanding him, pursuant to 18 U.S.C. § 983(a)(4) and Supplemental Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, to retain custody of the Defendant Property and to give notice to any interested persons other than Diego Arnal to appear and show cause why the agreed forfeiture should not be decreed;

2. That judgment of forfeiture be decreed against the Defendant Property;

3. That thereafter the Defendant Property be disposed of according to law;

4. For costs and all other relief to which the United States may be entitled, subject to the Settlement Agreement and pursuant to applicable law; and

5. That, upon conclusion of this assented-to forfeiture, pursuant to the parties' Settlement Agreement, and particularly subject to Paragraphs 2 and 3 of that Agreement, the Court direct the United States Marshals Service to release the remainder of the Seized Funds, in the

amount of $46,336.12, together with any interest or other return actually earned on that $46,336.12 portion of the Seized Funds, and also to release the following additional seized property (the "Miscellaneous Funds"): $151.00 seized from Bank of America account number 898004312401, in the name of Rosemont F Corporation d/b/a JJE Financial Solutions N.V; $5,000.00 seized from Bank of America account number 898010106193, in the name of Rosemont G Corporation; $150.00 seized from Bank of America account number 898012027623, in the name of Rosemont M Corporation; $6.34 seized from Bank of America account number 898012027636, in the name of Rosemont M Corporation; $100.00 seized from Bank of America account number 898012027665, in the name of Rosemont N Corporation d/b/a Agribroker Financial Services C.V.; $82.03 seized from Bank of America account number 898018372835, in the name of Rosemont X Corporation, d/b/a Luna Overseas Corporation; $82.03 seized from Bank of America account number 898018372848, in the name of Rosemont X Corporation; $82.03 seized from Bank of America account number 898018372851, in the name of Rosemont Y Corporation; $82.03 seized from Bank of America account number 898018372864, in the name of Rosemont Y Corporation; and $1,455.00 seized from Bank of America account number 898018372877, in the name of Rosemont Z Corporation d/b/a Multitask Corporation

B.V., together with any interest or other return actually earned on the Miscellaneous Funds, to Diego Arnal, through his attorney.

<pre>
                         Respectfully submitted,
                         CARMEN M. ORTIZ,
                         United States Attorney,

              By:        /s/ Richard L. Hoffman
                         Neil J. Gallagher
                         Richard L. Hoffman
                         Assistant U.S. Attorneys
                         John Joseph Moakley Courthouse
                         1 Courthouse Way, Suite 9200
                         Boston, MA  02210
                         (617) 748-3279

Date: March 13, 2012
</pre>

DIEGO ARNAL, BY HIS UNDERSIGNED COUNSEL, HEREBY ASSENTS TO
THE FOREGOING COMPLAINT FOR FORFEITURE *IN REM*:

    DIEGO ARNAL
    By his attorneys,

    _____
    Robert M. Perez, Esq.
    Law Offices of Robert M. Perez
    4000 Ponce De Leon Blvd., Suite 470
    Coral Gables, FL 33146

Date: 2/16/12

## Verification

I, Brian DeJoy, Special Agent, United States Drug Enforcement Administration, state that I have read the foregoing Assented-To Complaint for Forfeiture *in Rem*, and that the contents thereof are true to the best of my knowledge, information, and belief.

_____
Brian DeJoy
Special Agent
Drug Enforcement Administration

Commonwealth of Massachusetts

Suffolk, ss.                                Boston, Massachusetts

On this 13th day of March, 2012, before me, Lisa Talbot, the undersigned notary public, personally appeared Brian DeJoy, proved to me through satisfactory evidence of identity, which was his DEA credentials, to be the person whose name is signed on the preceding or attached document, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his knowledge and belief.

_____
Notary Public

My commission expires: May 13, 2016

LISA J. TALBOT
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
May 13, 2016